```
                    United States District Court
                      District of Massachusetts
 _____
                               )
UNITED STATES,                 )
                               )
        Plaintiff,             )
                               )
        v.                     )    Criminal Action No.
                               )    12-10184-NMG
JOHN H. MCHUGH, et al.,        )
                               )
        Defendant.             )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves charges of extortion, money laundering and conspiracy to distribute marijuana against defendants John McHugh ("McHugh") and Thomas Kuhn ("Kuhn"). Pending before the Court is defendants' motion to suppress tape recordings of McHugh's conversations with a government cooperator.

## I. Background

On July 13, 2012, McHugh was arrested pursuant to an indictment that charged conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and conspiracy to launder and conceal proceeds of marijuana trafficking in violation of 18 U.S.C. § 1956. On October 10, 2013, McHugh was charged in a superseding indictment, which added as Count Three a charge of conspiracy to collect debt by extortionate means in violation of 18 U.S.C. § 894(a). That charge also names co-defendant Kuhn.

-1-

Defendants' motion arises from testimony and recordings made by an individual, now a government cooperator ("CO"), who was the alleged target of the extortion conspiracy under Count Three. From 2007 to 2009, CO purchased 30 to 60 pounds of marijuana from McHugh every two weeks. In January, 2010, McHugh agreed to fund CO's indoor marijuana-growing operation in Maine. In return, CO would produce marijuana for McHugh. McHugh allegedly invested over $200,000 in that operation but CO only produced a total of about 20 pounds of marijuana over an 18-month period. During that time, CO continually explained to McHugh the anticipated difficulties of the operation and suggested ways to revive it.

By the early fall of 2011, McHugh began to demand reimbursement of his investment and made increasingly serious threats against CO. CO alleges that McHugh visited his residence in Maine, physically assaulted him and threatened to kill him and his family. CO also alleges that, several weeks later, McHugh visited the marijuana operation, choked CO and threatened to stab his eye with a pen.

After that visit, CO began to fear for his life and decided to preserve evidence of McHugh's behavior. Between the fall of 2011 and January, 2012, CO surreptitiously recorded two phone conversations with McHugh and preserved various text messages

exchanged with him.  During the first phone conversation, McHugh explicitly threatened to kill CO and his family.

CO also recorded his final meeting with McHugh at Boston's Faneuil Hall in January, 2012.  During that meeting, McHugh threatened CO, demanding reimbursement, and punched CO in the face.  McHugh told CO that the debt had been transferred to co-defendant Kuhn, who was also present at the meeting.  Together, McHugh and Kuhn discussed their future efforts to collect the reimbursement from CO.

In July, 2012, McHugh was arrested on the initial indictment.  In August, 2012, law enforcement agents interviewed CO pursuant to a proffer letter.  During that interview, CO provided his recording device and the agents downloaded all of its audio files.  The government has indicated that it will introduce as evidence recordings of the two phone calls and the Faneuil Hall meeting.  The government has not charged CO with any criminal acts.

In April, 2014, McHugh, joined by Kuhn, moved to suppress the use of CO's recordings pursuant to the Fourth Amendment to the Constitution and 18 U.S.C. §§ 2510 et seq., the Wiretap Statute, Title III of the Omnibus Crime Control and Safe Streets

-3-

Act of 1968 ("Title III").[1]  Defendants argue that CO recorded his conversations with McHugh and Kuhn for unlawful purposes and that the recordings are therefore inadmissible at trial.  The alleged unlawful purposes include memorializing the terms of their criminal agreement, forcing McHugh to fulfill his end of the bargain and forcing McHugh to assume responsibility for the financial loss of the marijuana-growing operation.

In May, 2014, the government filed an opposition to defendants' motion to suppress, arguing that CO's primary purpose for the recording was to protect himself by memorializing evidence of McHugh's violent threats.

For the reasons that follow, this Court will deny the defendants' motion to suppress recordings.

## II. <u>Analysis</u>

The issue in this case is whether CO's recordings violate Title III and more particularly whether the recordings are admissible under the one-party consent rule set forth in 18 U.S.C. § 2511(2)(d).  Relative to that inquiry, the Court must determine whether CO consented to the recordings and if so, whether he recorded his conversations for a lawful purpose.  If both requirements are met, CO's recordings do not violate Title III and are therefore admissible.

---

[1] Although the defendants invoke constitutional grounds for their motion to suppress, those grounds are not developed and, accordingly, the Court declines to address them.

### A. Legal Standard

#### 1. The Admissibility of Evidence under Title III

If defendant establishes a violation of Title III, any intercepted communications are inadmissible at trial. United States v. Mavroules, 813 F. Supp. 115, 117 (D. Mass. 1993) (citing 18 U.S.C. § 2515). Defendants assert that CO's recordings are inadmissible because Massachusetts law requires that all parties' consent to warrantless interceptions. See M.G.L. c. 272, § 99. However, the First Circuit Court of Appeals has consistently held that "federal law governs federal prosecutions in federal court." United States v. Sutherland, 929 F.2d 765, 769-70 (1st Cir. 1991). Thus, the admissibility of CO's recordings in this case depends only upon federal law. See id. at 769.

#### 2. One-Party Consent Rule

Section 2511(1) of Title III prohibits the interception and disclosure of wire, oral or electronic communications "except those specifically provided for in the Act." United States v. Giordana 416 U.S. 505, 514 (1974). A well-established exception is the one-party consent rule which permits a person who is not acting under color of law to intercept a wire or oral communication lawfully if that person is a party to the communication. 18 U.S.C. § 2511(2)(d).

The parties agree that CO was not acting under color of law and that he was a party to the intercepted communication. Thus, the government has established consent. See United States v. Lanoue, 71 F.3d 966, 981 (1st Cir. 1995).

**3. Unlawful Purpose**

The one-party consent rule does not apply if the recording party intercepted the communication "for the purpose of committing any criminal or tortious act" or "any other injurious act." 18 U.S.C. § 2511(2)(d). A defendant bears the burden of proving that the purpose of making the recording was impermissible under § 2511(2)(d). United States v. Cassiere, 4 F.3d 1006, 1021 (1st Cir. 1993) (citation omitted). To satisfy that burden, a defendant must prove that either the "primary motivation" or a "determinative factor" in the actor's recording was the commission of an unlawful act. Mavroules, 813 F. Supp. at 121 (citation omitted). That factor must be present at the time of the recording. See Caro v. Weintraub, 618 F.3d 94, 100 (2d Cir. 2010).

Because defendant bears the burden of proof, "the risk of non-persuasion" remains with the defendant. United States v. Vest, 639 F. Supp. 899, 907 (D. Mass. 1986) (citation omitted). In other words, the government is not required to prove that CO made the recordings with a lawful purpose. Id. at 904. However, even if the government did prove that CO made the recordings for

-6-

a lawful purpose, that finding would not preclude the co-existence of other unlawful purposes. Sussman v. Am. Broad. Companies, Inc., 186 F.3d 1200, 1202 (9th Cir. 1999). Thus, the Court considers the government's contended purpose for CO's recording in order to evaluate the persuasiveness of defendant's arguments. See Cassiere, 4 F.3d at 1021.

**B.   Application**

The parties have submitted conflicting arguments as to the purported reasons for CO's recording of his conversations with McHugh. The Court considers those arguments in turn. Vest, 639 F. Supp. at 905.

**1.   The Government's Rationale**

The government contends that CO's primary purpose for the recordings was to memorialize evidence of McHugh's violent threats and the facts in this case support that argument. McHugh physically assaulted CO on multiple occasions and made increasingly violent threats against him. Because CO's purpose is determined at the time of recording, that purpose is not nullified by CO's inaction in ultimately using his recordings for lawful self-protection, see Weintraub, 618 F.3d at 100, particularly because the risk of non-persuasion remains with the defendants, see Vest, 639 F. Supp. at 907.

Recording for the purpose of lawful self-protection is not prohibited under § 2511(2)(d). Vest, 639 F. Supp. at 907;

-7-

Cassiere, 4 F.3d at 1021. However, as with all circumstances of "mixed motive," lawful self-protection is not alone determinative if the recording party also acted with an unlawful purpose. Vest, 639 F. Supp. at 907.

Accordingly, the Court must evaluate the persuasiveness of defendants' argument in light of the government's opposing explanation. Unless defendants can establish an unlawful purpose for CO's recordings, lawful self-protection is sufficient to admit them. See id.

**2. Defendant's Rationale**

**a. To Record the Terms of the Marijuana-Growing Operation**

Defendants assert that CO recorded the conversations to further the goals of the marijuana-growing operation in Maine.

An actor may, however, lawfully record a conversation in order to create a receipt of an agreement or to prevent future distortions even where the subject matter of that recording is criminal. See id. (citation omitted). That rule applies so long as the purpose of recording that conversation is not prohibited. Id. Thus, CO did not act with an unlawful purpose by creating a record of McHugh's threats or their conversations about the marijuana-growing operation.

### b. To Blackmail McHugh for Additional Funding

Defendants also contend that CO recorded his conversations in order to blackmail McHugh for additional funding or to force McHugh to assume the operation's financial loss. Although that is defendants' most viable argument, they present insufficient evidence to establish those purposes.

Generally, a prohibited purpose occurs where the recording party intends to blackmail, threaten or otherwise injure the recorded party. United States v. Underhill, 813 F.2d 105, 110 (6th Cir. 1987). For example, it is unlawful for a party to record a communication and then use that recording for an unlawful purpose, such as blackmail or criminal conspiracy. Vest, 639 F. Supp. at 907 (finding unlawful purpose because recording was intended to create a record for collateral in furthering criminal conspiracy).

Defendants, however, address only the purpose of CO's conversations with McHugh rather than his purpose in recording those conversations. Specifically, defendants establish that CO contacted McHugh to request additional financial support and to absolve himself of some financial loss. They overlook the distinction between the purpose of a communication and the purpose of recording that communication. United States v. Jiau, 734 F.3d 147, 152 (2d Cir. 2013).

Defendants also fail to establish that CO harbored an unlawful purpose at the time of the recording. See Weintraub, 618 F.3d at 100. At the Faneuil Hall meeting, CO requested that security personnel preserve the surveillance footage of his conversation with McHugh. Defendants emphasize that CO did not follow up with security to obtain that footage. However, CO's purpose of self-protection at the time the recording was made is not nullified by his failure to obtain that footage or thereafter to deliver his recordings to the police. Id.

Simply put, the facts in this case do not support defendants' argument because they present no evidence that CO ever threatened to use the tapes against them. Cf. Vest, 639 F. Supp. at 906 (recording party threatened to give recordings to authorities unless previous agreement was completed). Accordingly, defendants have not satisfied their burden of proving that CO made the recordings to blackmail McHugh for additional funding or to force McHugh to assume the operation's financial loss.

### c. To Violate Massachusetts Law

Defendants' final contention is that recording conversations in violation of Massachusetts law constitutes an unlawful purpose under § 2511(2)(d). While Massachusetts law does prohibit warrantless interception of oral and wire communication without all parties' consent, see Sutherland, 929 F.2d at 769 (citing M.G.L. c. 272, § 99), defendants' argument

confuses the purpose of a recording under § 2511(2)(d) with its status under state law and, ultimately, is unavailing.

Defendants would have this Court find that because CO's recordings violated state law, CO's purpose in making them was to violate state law. That "superficial logic" has been rejected by another session of this Court which noted that excluding "surreptitious recording [where] the person making the recording has no criminal or tortious purpose in mind," even if in violation of state law, would render § 2511(2)(d) "meaningless." <u>United States</u> v. <u>Kovolas</u>, No. 96-10265-WGY, 1998 WL 452218, at *4 (D. Mass. July 27, 1998). This Court finds that logic persuasive and, accordingly, rejects defendants' argument that CO's violation of Massachusetts law renders his recordings inadmissible under § 2511(2)(d).

## ORDER

For the foregoing reasons, the defendants' motion to suppress (Docket No. 194) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton_____
Nathaniel M. Gorton
United States District Judge

Dated July 29, 2014